[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14300
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00141-ELR-JFK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELLY M. BASS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 26, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kelly Bass appeals her below-the-guidelines-range sentence of six months' imprisonment, followed by eight months' home confinement for her convictions for conspiracy to escape from custody, 18 U.S.C. § 371, and assisting escape, 18 U.S.C. § 752.  She argues that her total sentence was substantively unreasonable, because any term of imprisonment was unnecessary given her lack of criminal history, her need to maintain employment and care for her family, and her medical problems.

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  The court first ensures that the district court made no significant procedural error, then examines whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id*. at 51.  The party challenging the sentence bears the burden to show that the sentence was unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We ordinarily expect a sentence that falls within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  This review is deferential, and we will only vacate the sentence if "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court did not abuse its discretion in imposing Bass's sentence. On appellate review, we are prohibited from setting aside a sentence because we would have levied another one. *See United States v. Irey*, 612 F.3d 1160, 11910 (11th Cir. 2010) (en banc). Here, the court discussed the § 3553(a) factors, emphasized the seriousness of her offense, considered all of the arguments she presented, and ultimately concluded that her total sentence was sufficient but not greater than necessary.  Accordingly, we must affirm.

**AFFIRMED.**